## David Anthony, Petitioner, *versus* The County Commissioners of Berkshire.

Where several parties aggrieved by the laying out of a highway, join in a petition for a jury, the verdict is in effect several distinct verdicts on the several rights of the parties, and it is competent to the Court of Common Pleas to accept and affirm the verdict as to one petitioner and set it aside as to another; and where the verdict is set aside as to one of the petitioners, it is the duty of the county commissioners to grant him a new jury.

THE petition sets forth, that the county commissioners located and established an alteration in a county road in Adams, over the respective lands of Anthony, the petitioner, and several other individuals ; that they all applied to the commissioners to hear and finally determine upon the location by a jury ; that a jury was accordingly empannelled ; that the jury increased the damages allowed by the commissioners, to all the petitioners for a jury except Anthony, and that over his land they altered the location of the commissioners ; that the verdict was returned to the Court of Common Pleas, and the court accepted the same so far as it concerned all the petitioners except Anthony, but that that part of the verdict which altered the location of the commissioners on his land was set aside ; that the clerk of the court returned a certified copy of the verdict, with the adjudication thereon indorsed, to the commissioners ; and that Anthony made application to the commissioners to order a new jury in the premises, but that they refused to make such order ; wherefore Anthony prays this Court to issue a mandamus to the commissioners, requiring them · to order a new jury.

And now, upon the hearing, it was conceded that the facts stated in the petition were true.

*Briggs* and *Robinson*, in support of the petition, argued *Sept. 19th.* that the finding of the jury in regard to each individual was to be considered as a separate verdict, and that as the verdict in the petitioner's case was set aside, he was entitled to a new jury. *St.* 1827, *c.* 77, § 12 ; *St.* 1802, *c.* 135, § 3 ; *Mendon* v *Worcester*, 10 Pick. 235. [See Revised Stat *c.* 24, § 34, 35, 36.]

Anthony
v.
County
Com. of
Berkshire.

*Hubbard,* on the other side, contended that the verdict was an entire thing ; that it had been accepted in the whole, the part rejected being void ; and that there could not be a new trial for a part of the case. *St.* 1827, *c.* 77, § 12 ; *Hannaball* v. *Spalding,* 1 Root, 86.

*Sept.* 20*th.*

*Per Curiam.* In a case of this kind the petition of different persons is in its nature several. The demands are several, and the grounds upon which they proceed are distinct. They are to be tried by one jury, for convenience and to save expense. The verdict is, in effect, several distinct verdicts on the several rights of the parties. We think therefore that it was competent to the Court of Common Pleas, in analogy to the general powers of courts, to affirm the verdict in part and set it aside in part. Were it otherwise, it would follow, that the whole proceeding of the Court of Common Pleas was erroneous, and a new trial should have been ordered as to all the petitioners for a jury. But considering the proceedings to be several, and that it was competent for the Court of Common Pleas to accept and affirm the verdict as to the other petitioners and to set it aside as to Anthony, he stood in the same situation as if he had been a sole applicant for a jury and upon a return of the verdict it had been set aside. In that case it would have been the duty of the commissioners to order a new jury. *Mendon* v. *Worcester,* 10 Pick. 235.

*Mandamus ordered.*